Janan TOMA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00496–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 9, 2003.

Rehearing Overruled April 14, 2003.

Discretionary Review Refused
Sept. 3, 2003.

Daniel N. Lundeen, Lundeen & Dickinson, L.L.P., Houston, for appellant.

Eric Kugler, Asst. Dist. Atty. of Harris County, Houston, for appellee.

Panel consists of Justice HEDGES, KEYES, and DUGGAN.[1]

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Janan Toma, was convicted and fined $100 for violating a municipal ordinance prohibiting persons from riding a bicycle on the street when a bicycle path is available. Appellant challenges the constitutionality of the ordinance.

In 1987, the city of Hunter's Creek Village enacted Ordinance 422, which provides in pertinent part, "Whenever a usable path for bicycles has been provided adjacent to a public street, bicycle riders shall use such path and shall not use the public street." City of Hunter's Creek Village, Tex., Ordinance 422 (1987). A police officer warned appellant to ride her bicycle on the adjacent pathway instead of in the street. When appellant did not comply, the officer issued her a ticket. Appellant pleaded not guilty but was convicted in municipal court and fined $200. After a new trial on appeal in county criminal court, appellant was again convicted of violating the ordinance, but the fine was reduced to $100.

■ We initially address two threshold matters. First, the State challenged this Court's jurisdiction to consider this appeal because the fine did not exceed $100 and the constitutional challenge to the statute was not the *sole* issue presented on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 4.03 (Vernon Supp.2003). In her

reply brief, however, appellant abandoned her second issue, leaving the constitutional challenge as the sole issue presented. Accordingly, we will address the merits. Second, the State contends appellant waived her challenge to the constitutionality of the statute as applied to her. We agree. The trial court did not rule on appellant's motion to quash, in which the constitutional issues were raised; therefore, appellant has waived error concerning application of the ordinance. TEX. R.APP. P. 33.1(2)(A); *see also Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App. 1990) (holding even constitutional errors may be waived). However, a party may challenge whether an ordinance is constitutional on its face at any time because if the statute is unconstitutional it is void from its inception. *Reyes v. State*, 753 S.W.2d 382, 383–84 (Tex.Crim.App.1988). To prevail, a party must demonstrate that the statute always operates unconstitutionally, *i.e.*, there is *no* set of circumstances under which the statute will be valid. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App.1992). Appellant cannot demonstrate this.

■ Appellant contends the ordinance is impermissibly vague. We disagree. A statute is vague if a person of ordinary intelligence must guess at its meaning. *Cotton v. State*, 686 S.W.2d 140, 141 (Tex. Crim.App.1985). We find this ordinance to be perfectly comprehensible based on its plain language—a bicyclist must not ride on a public road if there is a usable bicycle path next to the road. Appellant also contends that the ordinance denies equal protection of the law, improperly restricts personal liberty and freedom, and improp-

**1.** The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

erly restricts the right to travel. We summarily reject these arguments as having no merit. First, by no stretch of the law or imagination can bicyclists be considered a suspect class. Second, bicyclists are not "denied access to the public roadways" by virtue of this ordinance; they are merely directed to use the roadways subject to certain restrictions. Third, the ordinance restricts only the use of roads by bicyclists within the municipality; it does not impinge on constitutionally-guaranteed interstate travel.

We overrule the issue.

We affirm the trial court's judgment.