Dwight Everett **BURTON** a.k.a. **Reverend Blind Justice,** Appellant

v.

The **STATE** of Texas, Appellee.

No. 14–04–01072–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 25, 2006.

Dina A. Medley, Houston, for appellants.

Eric Kugler, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Dwight Everett Burton, a.k.a. Reverend Blind Justice, was convicted of misdemeanor marijuana possession and sentenced to thirty days' confinement in jail. In his sole issue, appellant challenges the constitutionality of the marijuana possession statute on the grounds that it interferes with the free exercise of his religious beliefs. We affirm.

Officer Dean Nguyen of the Houston Police Department stopped appellant after noticing that he was driving with a broken taillight. Appellant gave Officer Nguyen permission to search his car, and Officer Nguyen found a hand-rolled cigarette containing a usable amount of marijuana. Appellant admitted that the marijuana was his, explaining that he smoked marijuana for pleasure and that it helped him work better. The State charged appellant with marijuana possession pursuant to the Health and Safety Code, which provides that "a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana." TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (Vernon 2003). At trial, appellant represented himself and called two witnesses to read Biblical scriptures. Appellant contends these scriptures support his religious beliefs that "the earth and nature created by God for use by man should not be inhibited by government" and "[b]ecause the marijuana plant was created by God, it was intended for use by man." The jury convicted appellant, and this appeal followed.

On appeal, appellant argues that the marijuana possession statute violates the First Amendment to the United States Constitution by interfering with the free exercise of his religious beliefs. This argument constitutes an attack on the stat-

ute's constitutionality as applied to appellant, not an attack on the statute's facial constitutionality. Although appellant urged the jury to consider his religious beliefs in determining his guilt, he never argued to the court or requested a ruling that the statute was unconstitutional. To preserve an issue for appellate review, the complaining party must make a timely, specific objection and obtain a ruling. *See* TEX.R.APP. P. 33.1(a); *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.1991). Even constitutional challenges may be waived by failure to object. *See Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App. 1995). Thus, by failing to request that the trial court find the statute unconstitutional as applied to him, appellant has waived this argument on appeal. *See Toma v. State*, 126 S.W.3d 528, 529 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (holding that although facial constitutional challenge may be raised at any time, an appellant must object to preserve complaint that statute is unconstitutional as applied).

■■ Even if appellant had preserved his argument that the marijuana possession statute is unconstitutional as applied to him, we reject it. We presume that a statute is constitutional, and it is appellant's burden to prove it unconstitutional as applied to his specific conduct. *See Flores v. State*, 33 S.W.3d 907, 920 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). Appellant claims that the law is unconstitutional because it interferes with the free exercise of his religious beliefs and is not justified by a compelling state interest. The United States Supreme Court has soundly rejected this argument. In *Em-ployment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872, 874, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), the Court considered the argument that applying Oregon's drug laws to the ceremonial use of peyote violated the Free Exercise Clause. The Court held that "an individual's religious beliefs [do not] excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate." *Id.* at 878–79, 110 S.Ct. 1595; *see also Ramos v. State*, 934 S.W.2d 358, 367 (Tex.Crim.App. 1996) ("Religious freedoms are not implicated by neutral laws governing activities the government has the right to regulate merely because some religious groups may be disproportionately affected."). Further, the Court also specifically rejected the notion that a neutral law burdening a religious practice must be justified by a compelling governmental interest. *See Smith*, 494 U.S. at 885, 110 S.Ct. 1595.[1] We conclude, as have other courts addressing similar issues,[2] that the marijuana possession statute is not unconstitutional as applied to appellant on the basis that it interferes with his free exercise of religion. We overrule appellant's sole issue and affirm the trial court's judgment.

---

1. Though Congress enacted the Religious Freedom Restoration Act of 1993 in a direct attempt to overrule *Smith*, the Court declared that Act unconstitutional in 1997. *See City of Boerne v. Flores*, 521 U.S. 507, 512–13, 536, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997).

2. *See, e.g., Olsen v. Iowa*, 808 F.2d 652, 652 (8th Cir.1986); *United States v. Rush*, 738 F.2d 497, 511–13 (1st Cir.1984); *United States v. Middleton*, 690 F.2d 820, 824–26 (11th Cir.1982).