Affirmed and Opinion filed May 25, 2006









Affirmed
and Opinion filed May 25, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01072-CR

____________

 

DWIGHT EVERETT
BURTON A.K.A. REVEREND BLIND JUSTICE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 14

Harris County, Texas

Trial Court Cause No. 1232490

 



 

O P I N I O N

Appellant Dwight Everett Burton, a.k.a.
Reverend Blind Justice, was convicted of misdemeanor marijuana possession and
sentenced to thirty days= confinement in jail.  In his sole issue, appellant challenges the
constitutionality of the marijuana possession statute on the grounds that it
interferes with the free exercise of his religious beliefs.  We affirm.








Officer Dean Nguyen of the Houston Police
Department stopped appellant after noticing that he was driving with a broken
taillight.  Appellant gave Officer Nguyen
permission to search his car, and Officer Nguyen found a hand-rolled cigarette
containing a usable amount of marijuana. 
Appellant admitted that the marijuana was his, explaining that he smoked
marijuana for pleasure and that it helped him work better.  The State charged appellant with marijuana
possession pursuant to the Health and Safety Code, which provides that Aa person commits
an offense if the person knowingly or intentionally possesses a usable quantity
of marihuana.@  Tex. Health & Safety Code Ann. ' 481.121(a)
(Vernon 2003).  At trial, appellant
represented himself and called two witnesses to read Biblical scriptures.  Appellant contends these scriptures support
his religious beliefs that Athe earth and
nature created by God for use by man should not be inhibited by government@ and A[b]ecause the
marijuana plant was created by God, it was intended for use by man.@  The jury convicted appellant, and this appeal
followed.

On appeal, appellant argues that the
marijuana possession statute violates the First Amendment to the United States
Constitution by interfering with the free exercise of his religious beliefs.  This argument constitutes an attack on the
statute=s
constitutionality as applied to appellant, not an attack on the statute=s facial
constitutionality.  Although appellant
urged the jury to consider his religious beliefs in determining his guilt, he
never argued to the court or requested a ruling that the statute was
unconstitutional.  To preserve an issue
for appellate review, the complaining party must make a timely, specific
objection and obtain a ruling.  See
Tex. R. App. P. 33.1(a); Turner
v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). 
Even constitutional challenges may be waived by failure to object.  See Curry v. State, 910 S.W.2d 490,
496 (Tex. Crim. App. 1995).  Thus, by failing to request that the trial
court find the statute unconstitutional as applied to him, appellant has waived
this argument on appeal.  See Toma v.
State, 126 S.W.3d 528, 529 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d) (holding that
although facial constitutional challenge may be raised at any time, an
appellant must object to preserve complaint that statute is unconstitutional as
applied).








Even if appellant had preserved his
argument that the marijuana possession statute is unconstitutional as applied
to him, we reject it.  We presume that a
statute is constitutional, and it is appellant=s burden to prove
it unconstitutional as applied to his specific conduct.  See Flores v. State, 33 S.W.3d 907,
920 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Appellant claims that the law is
unconstitutional because it interferes with the free exercise of his religious
beliefs and is not justified by a compelling state interest.  The United States Supreme Court has soundly
rejected this argument.  In Employment
Division, Department of Human Resources of Oregon v. Smith, 494 U.S. 872,
874 (1990), the Court considered the argument that applying Oregon=s drug laws to the
ceremonial use of peyote violated the Free Exercise Clause.  The Court held that Aan individual=s religious
beliefs [do not] excuse him from compliance with an otherwise valid law
prohibiting conduct that the State is free to regulate.@  Id. at 878B79; see also
Ramos v. State, 934 S.W.2d 358, 367 (Tex. Crim. App. 1996) (AReligious freedoms
are not implicated by neutral laws governing activities the government has the
right to regulate merely because some religious groups may be
disproportionately affected.@).  Further, the Court also specifically rejected
the notion that a neutral law burdening a religious practice must be justified
by a compelling governmental interest.  See
Smith, 494 U.S. at 885.[1]  We conclude, as have other courts addressing
similar issues,[2]
that the marijuana possession statute is not unconstitutional as applied to
appellant on the basis that it interferes with his free exercise of
religion.  We overrule appellant=s sole issue and
affirm the trial court=s judgment.

 

 

/s/      Leslie
Brock Yates

Justice

 

 

Judgment
rendered and Opinion filed May 25, 2006.

Panel consists
of Chief Justice Hedges and Justices Yates and Guzman.

Publish C Tex.
R. App. P. 47.2(b).











[1]  Though
Congress enacted the Religious Freedom Restoration Act of 1993 in a direct attempt
to overrule Smith, the Court declared that Act unconstitutional in
1997.  See City of Boerne v. Flores,
521 U.S. 507, 512B13, 536 (1997).





[2]  See, e.g.,
Olsen v. Iowa, 808 F.2d 652, 652 (8th Cir. 1986); United States v.
Rush, 738 F.2d 497, 511B13 (1st Cir. 1984); United States v. Middleton,
690 F.2d 820, 824B26 (11th Cir. 1982).