NUMBER 13-01-393-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







FILOGONIO GARCIA
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 139th District Court 


of Hidalgo County, Texas.






MEMORANDUM OPINION



 Before Justices Yañez, Rodriguez, and Baird (1)




 Appellant was charged with the offense of failure to stop and render aid. Tex. Pen.
Code Ann. § 49.07 (Vernon 2003); Tex. Transp. Code Ann. § 550.021(a) (Vernon 1999). 
A jury convicted appellant of the charged offense and the trial judge assessed punishment
at one year confinement. The trial judge subsequently granted appellant's motion for new
trial. The State appealed that decision and we vacated the granting of the motion for new
trial and remanded the case to the trial court for entry of a judgment of conviction in accord
with the jury's verdict. State v. Garcia, No. 13-99-132-CR, 2000 Tex. App. LEXIS 5750,
* 27 (Tex. App.-Corpus Christi Aug. 24, 2000, no pet.) (opinion not designated for
publication). Appellant now brings this appeal, raising five points of error. We affirm the
judgment of the trial court.

I. Law of the Case Doctrine.

 In points of error one, two and three, appellant challenges the sufficiency of the
evidence to legally and factually support the jury's verdict, and the trial judge's failure to
instruct the jury on the defensive theory of incapacity, respectively. As noted above, this
case was initially before us on the State's appeal of the granting of appellant's motion for
new trial.

 The law of the case doctrine provides that an appellate court's resolution of a
question of law in a previous appeal of the same case will govern the disposition of the
same issue should there be another appeal. Ware v. State, 736 S.W.2d 700, 701 (Tex.
Crim. App. 1987). This is a flexible, court-made doctrine "intended to achieve uniformity
of decision as well as judicial economy and efficiency." Hudson v. Wakefield, 711 S.W.2d
628, 630 (Tex. 1986). This Court has recognized and applied the law of the case doctrine. 
Page v. State, 170 S.W.3d 829, 835 (Tex. App.-Corpus Christi 2005, pet. granted on other
grounds).

 The State contends the arguments raised in points of error one, two and three were
raised and rejected by us in the earlier appeal. Appellant has not contested that assertion. 
We have examined the arguments raised in these points of error and our previous opinion. 
We agree with the State and find that these arguments were raised in the earlier appeal. 
We further find that each argument was rejected by this Court. (2) We see no reason not to
apply the law of the case doctrine to the instant case. Accordingly, points of error one, two
and three are overruled.

II. Remaining Jury Charge Issue.

 In his fourth point of error, appellant contends the trial judge erred in not charging
the jury that he was relieved of his duty to render aid when that duty had been assumed
by another. Appellant argues that, without this instruction, the jury charge left the
impression that failure to stop and render aid was a strict liability offense. The State
responds that such an instruction was incorporated within the application paragraph of the
court's charge, which provided in relevant part:

 [Appellant] did then and there, after said accident, if any, intentionally or
knowingly failed or refused to render reasonable assistance to the said

 [complainant] by failing or refusing to carry or make arrangements for the
carrying of [complainant] to a physician, surgeon or hospital for medical
treatment, and that it was then and there apparent that such medical
treatment for said [complainant] was then necessary, and that such medical
treatment was then and there, actually and in fact, necessary for
[complainant], then you will find [appellant] guilty. 


(Emphasis added). Under this instruction, the jury could convict only if it was apparent to
appellant that medical treatment was necessary and such treatment was, in fact,
necessary.

 We find that appellant's requested charge was adequately covered by the italicized
language above. With this instruction, the jury would have understood that it would not
have been necessary for appellant to provide medical treatment which was, in fact, being
provided by another. Our law is clear that "when a refused charge is substantially the
same or is adequately covered by the charge given, there is no harm in failure to give the
refused instruction." Hawkins v. State, 660 S.W.2d 65, 81-82 (Tex. Crim. App. 1983). We
hold the instant case is controlled by Hawkins. Therefore, the fourth point of error is
overruled.

III. Constitutionality of Statute.


 The fifth and final point of error contends the applicable sections of the Texas
Transportation Code which formed the basis for the instant prosecution, namely, sections
550.021 and 550.023, are unconstitutional because (1) they violate article I, section 10 of
the Texas Constitution by requiring a person to give evidence against himself, (2) they fail
to provide adequate notice of what conduct is prohibited, and, (3) they are an overly broad
exercise of police power and not specifically narrowed to serve the purpose intended. (3) We
need not reach the merits of this point of error for the following reasons. 

 Our jurisprudence recognizes two ways in which a statute may be constitutionally
challenged: facially or as applied to the particular defendant. To preserve an issue for
appellate review, the complaining party must make a timely, specific objection and obtain
a ruling. See Tex. R. App. P. 33.1(a); Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991). Even constitutional challenges may be waived by failure to object. Curry v.
State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). This species of waiver has been
employed when considering the failure to raise an "as applied" constitutional challenge in
the trial court. Toma v. State, 126 S.W.3d 528, 529 (Tex. App.-Houston [1st Dist.] 2003,
pet. ref'd) (holding appellant must object to preserve complaint that statute is
unconstitutional as applied). Appellant did not raise such a challenge in the trial court. 
Consequently, he has waived any "as applied" argument on appeal. See id.

 However, the same rule of waiver does not apply for facial challenges. A defendant
may raise a constitutional challenge to the facial validity of a statute for the first time on
appeal. Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994). The rationale for
this exception to the general rules of error preservation is that, if the statute giving rise to
a prosecution is unconstitutional, it is void from its inception, is no law, confers no rights,
bestows no power on anyone, and justifies no act performed under it. Reyes v. State, 753
S.W.2d 382, 383-84 (Tex. Crim. App. 1988). However, under a facial challenge, appellant
bears the burden of showing that there is no set of circumstances under which the statute
would be constitutional. Briggs v. State, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990). 
Appellant has not made such a showing that the two statutes which combined to form the
basis of the instant prosecution operate unconstitutionally in every circumstance. (4)
 

 Accordingly, the fifth point of error is overruled.

 The judgment of the trial court is affirmed.


 ________________________

 CHARLES F. BAIRD

 Assigned Justice



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed this the

26th day of October, 2006.


1. Former Texas Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief
Justice of the Supreme Court of Texas. See Tex. Gov't Code Ann. § 74.003 (Vernon 2005).
2. Specifically, appellant's legal and factual sufficiency challenges were addressed at pages *8-*19 and
his incapacity argument was addressed at pages *4-*6 of our opinion. See State v. Garcia, No. 13-99-132-CR,
2000 Tex. App. LEXIS 5750, *4-*6, *8-*19 (Tex. App.-Corpus Christi Aug. 24, 2000, no pet.) (not designated
for publication). 
3. Texas Transportation Code section 550.021, entitled "Accident Involving Personal Injury or Death,"
provides as follows:


 (a) The operator of a vehicle involved in an accident resulting in injury to or death of a person
shall:

 (1) immediately stop the vehicle at the scene of the accident or as close to the scene
as possible;

(2) immediately return to the scene of the accident if the vehicle is not stopped at the
scene of the accident; and

(3) remain at the scene of the accident until the operator complies with the
requirements of Section 550.023.


 (b) An operator of a vehicle required to stop the vehicle by Subsection (a) shall do so without
obstructing traffic more than is necessary.

(c) A person commits an offense if the person does not stop or does not comply with the
requirements of this section.


Tex. Transp. Code Ann. § 550.021 (Vernon 1999). In contrast, section 550.023, entitled "Duty to Give
Information and Render Aid," provides that:

 The operator of a vehicle involved in an accident resulting in the injury or death of a person
or damage to a vehicle that is driven or attended by a person shall:

(1) give the operator's name and address, the registration number of the vehicle the operator
was driving, and the name of the operator's motor vehicle liability insurer to any person
injured or the operator or occupant of or person attending a vehicle involved in the collision;

(2) if requested and available, show the operator's driver's license to a person described by
Subdivision (1); and

(3) provide any person injured in the accident reasonable assistance, including transporting
or making arrangements for transporting the person to a physician or hospital for medical
treatment if it is apparent that treatment is necessary, or if the injured person requests the
transportation.


Id. § 550.023 (Vernon 1999).

4. A facial challenge to the same statutes was rejected in Sheldon v. State, 100 S.W.3d 497, 503 (Tex.
Crim. App. 2003).