

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00217-CR

CHARLES MYERS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Charles Myers of misdemeanor cruelty to an animal and fined him $2,000.  *See* Tex. Penal Code Ann. § 42.092(b)(3) (West 2011).  In his sole point, Myers, pro se, challenges the constitutionality of the statute.  We will affirm.

On April 10, 2009, Myers went to the animal shelter in Fort Worth to reclaim some animals.  An animal cruelty investigator subsequently conducted a

---

[1]*See* Tex. R. App. P. 47.4.

follow-up investigation of Myers's home to determine if it was safe for the animals to return there. The investigator had warned Myers on prior occasions that state law required him to provide adequate shelter, food, and water and that it is unlawful to tether animals on a chain. The investigator reiterated these warnings on the day of the investigation and gave Myers a handwritten notice of violations that the investigator observed. When the investigator returned to Myers's home the following day, she observed that the condition of a dog that needed treatment had worsened, so she took pictures, obtained a warrant, and seized the dog the following day. A detective with the Fort Worth Police Department who spoke to Myers about the animal cruelty allegations testified that Myers admitted that he was the caretaker of the dog in question, he had failed to provide adequate care, and he did not feel the need to provide veterinary care to his animals. The detective used this information to obtain and have issued an arrest warrant, and a police officer arrested Myers a month later. A jury convicted Myers of animal cruelty and assessed a fine of $2,000, and the trial court sentenced him accordingly.

Myers's entire argument is as follows:

Authorized KING JAMES VERSION HOLY BIBLE BOOK DEUTERONOMY CHAPTER 32 Verse 39, which in pertinent part read as follows: "See now that I, even I, am he, and there is no god with me: . . . I wound, and I heal: NEITHER IS THERE ANY THAT CAN DELIVER OUT OF MY HAND".

UNITED STATES CONSTITUTION OF AMERICA AMENDMENT 1, WHICH IN [PERTINENT] PART READ AS FOLLOWS: "CONGRESS SHALL MAKE NO LAW RESPECTING AN

ESTABLISHMENT OF RELIGION, OF PROHIBITING THE FREE EXERCISE THEREOF" . . . .

UNITED STATES CONSTITUTION OF AMERICA ARTICLE 6. WHICH IN PERTINENT PART READ AS FOLLOWS: "THIS CONSTITUTION, and the Laws of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding . . . The . . . [judicial] Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution."[2]

We construe Myers's argument to mean that the animal cruelty statute violates the First Amendment of the United States Constitution because the statute interferes with the free exercise of his religious beliefs. Myers does not attack the facial constitutionality of the statute; rather, his argument seems to attack the statute's constitutionality as applied to him. *See Burton v. State*, 194 S.W.3d 686, 687–88 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Unless a statute is facially unconstitutional, appellant must preserve any error concerning application of the statute or it is waived. *See Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994), *cert. denied*, 514 U.S. 1005 (1995) (citing Tex. R. Evid. 103(a)(1)). We conclude that Myers failed to preserve this alleged error for our review.

To preserve an issue for appeal, the complaining party must make a timely, specific objection and obtain a ruling. *See* Tex. R. App. P. 33.1(a); *Pena*

---

[2]After Myers filed his brief, we notified him that the brief did not comply with the rules of appellate procedure and asked that he file an amended brief. Myers filed a supplemental brief attempting to cure the deficiencies. The State did not file a brief.

*v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). Even constitutional errors may be waived by failing to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Preserving error is not technical or formulaic, so "[s]traightforward communication in plain English will always suffice." *Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex. Crim. App. 1992). To give the trial judge and opposing party an opportunity to correct the error, the party must let the trial judge know what he wants and why he is entitled to it, clearly enough for the judge to understand him while in the proper position to correct it. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Lankston*, 827 S.W.2d at 909.

A witness's recitation of Biblical scriptures and an appellant's contention that they support his religious beliefs is not sufficient to preserve for appeal the issue of the constitutionality of a statute. *See Burton*, 194 S.W.3d at 687. In *Burton*, a defendant who represented himself against charges of marijuana possession argued that the earth and nature, including marijuana, were created by God for man's use and should not be inhibited by government. *Id.* The appellate court affirmed the conviction because the appellant "never argued to the court or requested a ruling that the statute was unconstitutional," so the issue was not preserved for appeal. *Id.* at 688.

Here, just like the appellant in *Burton*, Myers urged the jury to consider his religious beliefs, but he never argued to the court or requested a ruling on the constitutionality of the statute. Nor did Myers's motion for new trial challenge the

4

constitutionality of the statute.  Consequently, Myers failed to preserve this point for our review.

Accordingly, we overrule Myers's sole point, and we affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 21, 2011