02-10-217-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00217-CR

 

 


 
 
 Charles Myers
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 10 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Charles Myers of misdemeanor cruelty to an animal and
fined him $2,000.  See Tex. Penal Code Ann. § 42.092(b)(3) (West 2011). 
In his sole point, Myers, pro se, challenges the constitutionality of the
statute.  We will affirm.

          On
April 10, 2009, Myers went to the animal shelter in Fort Worth to reclaim some animals.
 An animal cruelty investigator subsequently conducted a follow-up investigation
of Myers’s home to determine if it was safe for the animals to return there. 
The investigator had warned Myers on prior occasions that state law required
him to provide adequate shelter, food, and water and that it is unlawful to
tether animals on a chain.  The investigator reiterated these warnings on the
day of the investigation and gave Myers a handwritten notice of violations that
the investigator observed.  When the investigator returned to Myers’s home the
following day, she observed that the condition of a dog that needed treatment
had worsened, so she took pictures, obtained a warrant, and seized the dog the
following day.  A detective with the Fort Worth Police Department who spoke to Myers
about the animal cruelty allegations testified that Myers admitted that he was
the caretaker of the dog in question, he had failed to provide adequate care,
and he did not feel the need to provide veterinary care to his animals.  The
detective used this information to obtain and have issued an arrest warrant,
and a police officer arrested Myers a month later.  A jury convicted Myers of
animal cruelty and assessed a fine of $2,000, and the trial court sentenced him
accordingly.

          Myers’s
entire argument is as follows:

Authorized KING JAMES
VERSION HOLY BIBLE BOOK DEUTERONOMY CHAPTER 32 Verse 39, which in pertinent
part read as follows:  “See now that I, even I, am he, and there is no god with
me:  . . . I wound, and I heal:  NEITHER IS THERE
ANY THAT CAN DELIVER OUT OF MY HAND”.

 

UNITED STATES
CONSTITUTION OF AMERICA AMENDMENT 1, WHICH IN [PERTINENT] PART READ AS FOLLOWS: 
“CONGRESS SHALL MAKE NO LAW RESPECTING AN ESTABLISHMENT OF RELIGION, OF
PROHIBITING THE FREE EXERCISE THEREOF” . . . .

 

UNITED STATES
CONSTITUTION OF AMERICA ARTICLE 6.  WHICH IN PERTINENT PART READ AS FOLLOWS:  “THIS
CONSTITUTION, and the Laws of the United States, shall be the supreme Law of
the Land; and the Judges in every State shall be bound thereby, any Thing in
the Constitution or Laws of any State to the contrary notwithstanding . . .
The . . . [judicial] Officers, both of the United States and of the
several States, shall be bound by Oath or Affirmation, to support this
Constitution.”[2]

We
construe Myers’s argument to mean that the animal cruelty statute violates the
First Amendment of the United States Constitution because the statute interferes
with the free exercise of his religious beliefs.  Myers does not attack the
facial constitutionality of the statute; rather, his argument seems to attack
the statute’s constitutionality as applied to him.  See Burton v. State,
194 S.W.3d 686, 687–88 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  Unless
a statute is facially unconstitutional, appellant must preserve any error
concerning application of the statute or it is waived.  See Garcia v. State,
887 S.W.2d 846, 861 (Tex. Crim. App. 1994), cert. denied, 514
U.S. 1005 (1995) (citing Tex. R. Evid. 103(a)(1)).  We conclude that Myers
failed to preserve this alleged error for our review.

          To
preserve an issue for appeal, the complaining party must make a timely,
specific objection and obtain a ruling.  See Tex. R. App. P. 33.1(a); Pena
v. State, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009).  Even constitutional
errors may be waived by failing to object at trial.  Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990).  Preserving error is not technical
or formulaic, so “[s]traightforward communication in plain English will always
suffice.”  Lankston v. State, 827 S.W.2d 907, 908–09 (Tex. Crim. App.
1992).  To give the trial judge and opposing party an opportunity to correct
the error, the party must let the trial judge know what he wants and why he is
entitled to it, clearly enough for the judge to understand him while in the
proper position to correct it.  Reyna v. State, 168 S.W.3d 173, 179
(Tex. Crim. App. 2005); Lankston, 827 S.W.2d at 909.

          A
witness’s recitation of Biblical scriptures and an appellant’s contention that
they support his religious beliefs is not sufficient to preserve for appeal the
issue of the constitutionality of a statute.  See Burton, 194 S.W.3d at
687.  In Burton, a defendant who represented himself against charges of
marijuana possession argued that the earth and nature, including marijuana,
were created by God for man’s use and should not be inhibited by government.  Id. 
The appellate court affirmed the conviction because the appellant “never argued
to the court or requested a ruling that the statute was unconstitutional,” so
the issue was not preserved for appeal.  Id. at 688.

          Here,
just like the appellant in Burton, Myers urged the jury to consider his
religious beliefs, but he never argued to the court or requested a ruling on
the constitutionality of the statute.  Nor did Myers’s motion for new trial
challenge the constitutionality of the statute.  Consequently, Myers failed to
preserve this point for our review.

          Accordingly,
we overrule Myers’s sole point, and we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]After Myers filed his
brief, we notified him that the brief did not comply with the rules of
appellate procedure and asked that he file an amended brief.  Myers filed a
supplemental brief attempting to cure the deficiencies.  The State did not file
a brief.