**Opinion filed June 26, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-12-00169-CR

_____

## MICHAEL LAMAR MELLEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court of Law No. 2**

**Taylor County, Texas**

**Trial Court Cause No. 2-1618-10**

## M E M O R A N D U M   O P I N I O N

Michael Lamar Mellen entered a plea of nolo contendere to the offense of possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (West 2010). Pursuant to a plea bargain agreement, the trial court sentenced Appellant to community supervision for a term of six months and a fine of $500. In two issues on appeal, Appellant argues that the trial court abused its discretion

when it denied his demand to dismiss and his motion to suppress without first conducting a hearing. We affirm.

*Background*

Appellant was charged by information with the Class B misdemeanor offense of possession of marihuana. The information alleged that, on or about April 8, 2010, Appellant knowingly possessed a usable quantity of marihuana in an amount of two ounces or less.[1]

Several pretrial hearings were conducted before Appellant ultimately pleaded nolo contendere to the offense of possession of marihuana. Appellant appeared pro se[2] at a pretrial hearing held on May 21, 2012. The trial court began the hearing by extensively warning Appellant of the dangers of self-representation. The trial court subsequently asked Appellant if he had any pretrial motions to present to the court. Appellant first indicated that he wanted to present a "Notice and Demand for Definite Statement of Allegation of Bona Fide Jurisdiction" as a pretrial motion. After the trial court denied this motion, Appellant advised the trial court that he had a "Motion to Dismiss." The trial court denied this motion. Appellant subsequently informed the trial court that he had several motions to dismiss, which the trial court denied.

The trial court conducted a subsequent pretrial hearing on June 11, 2012. Appellant initially advised the trial court that he had "transferred" the criminal case pending against him to federal court. Appellant ultimately elected to proceed on his nolo contendere plea. In accordance with the plea agreement, the trial court

---

[1]The information was supported by an affidavit submitted by Abilene Police Department (APD) Officer Daniel Peterson, in which Officer Peterson stated that APD officers conducted a search at Appellant's residence on April 9, 2010, that revealed marihuana in a pill bottle, a marihuana grinder, a pipe containing burned marihuana, and a safe containing ten grams of marihuana.

[2]Appellant informed the trial court at the hearing that he was appearing "sui juris" rather than "pro se." We note that the trial court provided appointed counsel for Appellant to serve on a standby basis.

sentenced Appellant to community supervision for a term of six months and a fine of $500. Additionally, the trial court gave Appellant permission to appeal, and this appeal followed.

*Analysis*

In his first issue, Appellant argues that the trial court erred when it denied his "Demand to Dismiss Misdemeanor Charges of Possession of Marijuana for Lack of Jurisdiction and 1st Amendment Freedom of Religion and Inalienable Rights" without first conducting a hearing. Appellant claims that the court's action was error because it denied him the opportunity to present his constitutional challenge to the marihuana possession statute as applied to him.

We disagree with Appellant's assertion that he did not have an opportunity to present his constitutional challenge to the marihuana possession statute to the trial court. Appellant filed several motions seeking the dismissal of the charges against him. In this regard, the trial court permitted Appellant to read at length one of the many dismissal motions that he filed. At no time did Appellant advise the court at the pretrial hearing that the marihuana possession statute, as applied to him, infringed upon the free exercise of his alleged religious beliefs.[3]

Moreover, we reject Appellant's contention that the marihuana possession statute is unconstitutional as applied to him because of his alleged religious beliefs.

_____

[3]Appellant alleged in his motion to dismiss that he "uses marijuana as a healing sacrament prescribed by Defendants heavenly Father Yahweh and as a member in good standing of the Genesis II Church of Health and healing." In materials supplied by Appellant with his brief, the Genesis II Church is described as follows:

> The Genesis II Church is unique, as it was formed for the purpose of serving mankind and not for the purpose of worship. Thus the religious beliefs of our members and of other churches are not our business. Our beliefs are extremely simple; are universal concerning our services to mankind, and are explained below. We expect our members to attend their own church and maintain their own religious beliefs. We offer no suggestions or dictates regarding this matter. . . .
>
> . . . We are non-religious in nature because we serve mankind, as opposed to worshiping a deity.

3

The Fourteenth Court of Appeals rejected the same contention with respect to Texas's marihuana possession statute in *Burton v. State*, 194 S.W.3d 686, 688 (Tex. App.—Houston [14th Dist.] 2006, no pet.). *See also Ramos v. State*, 934 S.W.2d 358, 367 (Tex. Crim. App. 1996) ("Religious freedoms are not implicated by neutral laws governing activities the government has the right to regulate merely because some religious groups may be disproportionately affected."). In the absence of contrary authority, the trial court did not err in overruling Appellant's motion to dismiss on religious grounds. Appellant's first issue is therefore overruled.

In his second issue, Appellant contends that the trial court abused its discretion when it denied his motion to suppress without first conducting a hearing. Appellant failed to preserve this issue for appellate review, as the record shows that the trial court never made an adverse ruling on his motion to suppress.[4] *See* TEX. R. APP. P. 33.1(a)(2) (requiring complaining party to obtain an adverse ruling in order to preserve complaint for appeal); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).

Moreover, the trial court is vested with discretion to hold a hearing on a pretrial motion to suppress. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006); *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988). The trial court may elect to consider the merits of a motion to suppress during trial—when a proper objection is asserted—rather than in a pretrial hearing. *See Calloway*, 743 S.W.2d at 649. Accordingly, the trial court does not err in not conducting a pretrial hearing on a motion to suppress. Appellant's second issue is overruled.

---

[4]The motion to suppress was filed by Appellant's appointed counsel, and Appellant did not mention the motion during the pretrial hearing conducted on May 21, 2012, or the subsequent pretrial hearing conducted on June 11, 2012.

*This Court's Ruling*

We affirm the judgment of the trial court.

PER CURIAM

June 26, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.