**ELLIOTT et al. v. EL PASO ELECTRIC CO. et al. ***

No. 8226.

Circuit Court of Appeals, Fifth Circuit.

March 18, 1937.

Charles Fahy, Gen. Counsel, National Labor Relations Board, Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, and A. Norman Somers, Atty., National Labor Relations Board, all of Washington, D. C., for appellants.

Volney M. Brown, J. C. Brooke, and U. S. Goen, all of El Paso, Tex., and Dillon

Anderson and C. R. Wharton, both of Houston, Tex., for appellees.

Before FOSTER, SIBLEY, and HOLMES; Circuit Judges.

HOLMES, Circuit Judge.

The El Paso Electric Company, a public utility corporation, furnishes light and power and operates a transportation system in the city of El Paso, Tex. Four miles therefrom, its principal power plant is located in New Mexico on the Rio Grande river. About 4 per cent. of the energy generated at this station is used in New Mexico. Less than 1 per cent. is sold to a Mexican company at the International boundary, and the remainder is transmitted across the state line by high tension wires for use in the city of El Paso and its environs.

On November 8, 1935, complaint was filed against said corporation by the Regional Director of the National Labor Relations Board, alleging that it was committing unfair labor practices affecting interstate commerce within the meaning of the National Labor Relations Act of July 5, 1935 (49 Stat. 449, 29 U.S.C.A. §§ 151–166). It filed an answer, and a motion to dismiss the complaint. After the hearing had proceeded for many days, and more than 1,200 pages of testimony had been taken, the corporation filed in the court below a suit in equity seeking an injunction against the operation of the act. The members of the Board, its agents, and attorneys were made defendants.

On June 10, 1936, after concluding that said act was void because in violation of article 1, section 1, of the Federal Constitution, and for other reasons, the District Court entered its final decree, enjoining further enforcement of the act against the El Paso Electric Company and 360 of its employees who had intervened as plaintiffs. In so doing, we think the court erred, because a legislative act should not be declared void unless its unconstitutionality appears beyond every reasonable doubt and such a ruling is necessary to the disposition of the case.

The determination of this appeal is controlled by our decision of June 5, 1936, in Bradley Lumber Co. of Arkansas v. National Labor Relations Board, 84 F.(2d) 97, 99. Taking the facts in the case at bar as found by the district judge, we are unable to distinguish the two cases in their essential elements. In Bradley Lumber Co.

v. National Labor Relations Board, supra, we held that the National Labor Relations Act, which created the Board and authorized the things sought to be restrained, was not wholly and palpably unconstitutional. In an opinion by Judge Sibley, the court said:

"For a long period Congress has considered and legislated upon difficulties relating to labor unions and strikes as burdening and impeding interstate and foreign commerce. That they may be constitutionally regulated in much the same way as this act proposes when affecting interstate railroad transportation was decided in Texas & New Orleans R. R. Co. v. Brotherhood, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034. But interstate railroad transportation is only one field of interstate commerce. Other modes of transportation of person and property, interstate distribution of goods by pipe line, and of information by telephone, telegraph, and radio are other fields. Manufacture, mining, and agriculture in themselves are not interstate commerce although the product will likely be sold in or shipped to another state, but it does not follow that labor troubles in connection with such enterprises as plaintiff and its alleged subsidiary are engaged in, may not conceivably burden it. In many operations besides railroad transportation labor troubles can, and the Congress has found in the recitals of the act that they do, impede and hinder directly interstate commerce actually in progress."

It is necessary to add very little to what was said in the above opinion upon the asserted inadequacy of the legal remedy, and the claim of irreparable damage by reason of the Board's activities. The relation of the employer to its employees, and the effect of their operations upon interstate commerce, are in the first instance for the determination of the Board itself. The investigation by the Board may cause some expense and inconvenience, but it is not the irreparable damage which equity will interfere to prevent.

Section 10(f) of the act, 29 U.S.C.A. § 160(f), provides that any person aggrieved by a final order of the Board may obtain a review of such order in any Circuit Court of Appeals of the United States in the circuit wherein the alleged unfair labor practice was engaged in, or wherein such person resides, by filing in such court a written petition praying that the order of the Board be modified or set aside. We see no reason why this procedure should be more burdensome or expensive than a suit in equity. It provides a plain, adequate, and complete remedy at law in ordinary cases, and there is nothing in the record before us which discloses special circumstances sufficient to warrant extraordinary equitable relief by injunction.

The decree of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.