**Reyes REYES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 645–84.

Court of Criminal Appeals of Texas, En Banc.

May 18, 1988.

Nathaniel G. Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty. and Mary F. Klapperich, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

A jury found appellant guilty of the offense of murder and assessed punishment at 45 years' imprisonment. On appeal appellant alleged that the trial court erred in denying his motion to dismiss for want of a speedy trial. In an unpublished opinion the Corpus Christi Court of Appeals noted that the State never requested a continuance of the trial due to the unavailability of two witnesses, and held that the State was not entitled to the exclusion provided by Article 32A.02, § 4(6)(A), V.A.C.C.P. *Reyes v. State* (Tex.App.—Corpus Christi, No. 13–83–443–CR, delivered April 12, 1984). Accordingly, the judgment of the trial court was reversed and the indictment was ordered dismissed.

We granted the State's single ground for review, which reads: "The Court of Appeals erred in holding that the State was not ready for trial because of the unavailability of key witnesses when such unavailability did not result in a delay of the trial."

Subsequently, we granted the State's motion for leave to file a supplement to its petition for discretionary review, which alleges that the Speedy Trial Act is unconstitutional because (1) the Act is vague; (2) the Act violates the separation of powers doctrine; and (3) the caption to the Act is defective.

A majority of this Court recently declared Article 32A.02, supra, unconstitutional and void in its entirety. *Meshell v. State,* 739 S.W.2d 246 (Tex.Cr.App.1987). The holding in *Meshell* announced that by enacting the Speedy Trial Act the Legislature had violated the separation of powers doctrine under Article II, § 1 of the Texas Constitution. Meshell's motion for leave to file a motion for rehearing was denied November 4, 1987. An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. See 12 Tex.Jur.3d, *Constitutional Law,* § 41, at 548 (and cases in n. 33 thereof).

In 12 Tex.Jur.3d, Const. Law, § 41, p. 548, it is written:

"It is the general rule that an unconstitutional statute, even though having the form and name of law, in reality is no law and in legal contemplation is as inoperative as if it had never undergone the formalities of enactment. Such a statute leaves the question that it purports to settle just as it was prior to its ineffectual enactment. It is invalid and imposes no duties, confers no rights, creates no office, bestows no power, affords no protection, and justifies no acts performed under it...."

*Ex parte Halsted,* 147 Tex.Cr.R. 453, 182 S.W.2d 479 (1944), held that an act of the Legislature which violates either of said constitutions is void and unenforceable. And *Ex parte Bockhorn,* 138 S.W. 706 (Tex.Cr.App.1911), held an unconstitutional statute is void from its inception, citing, inter alia, Cooley's work on Constitution Limitations, which used the language "when a statute is adjudged to be unconstitutional, it is as if it had never been passed. Rights cannot be built up under it." Indicating that an unconstitutional statute is stillborn, *Bockhorn* quoted with approval from *Boales v. Ferguson,* 55 Neb. 565, 76 N.W. 18 (1898), to the effect "The Court did not annul the statute for it was already lifeless. It had been fatally smitten by the Constitution at its birth." *Bockhorn* also quoted from *Seneca Min. Co. v. Secretary of State,* 82 Mich. 573, 47 N.W. 25, 9 A.L.R. 770 (1890), that an unconstitutional statute "is of no more force or validity than a piece of blank paper, and is utterly void."

Later Texas cases are in accord. *In re Johnson,* 554 S.W.2d 775, 787 (Tex.App.— Corpus Christi 1977), ref. n.r.e. 569 S.W.2d 882, held that an unconstitutional statute, as a general rule, amounts to nothing and accomplishes nothing and is no law citing *Colden v. Alexander,* 141 Tex. 134, 171 S.W.2d 328 (1943), and *Miller v. Davis,* 136 Tex. 299, 150 S.W.2d 973 (1941). *Newson v. Starkey,* 572 S.W.2d 29 (Tex.Civ.App.— Dallas 1978), held that generally a void law is no law and confers no rights, bestows no power on anyone and justifies no act performed under it citing *Sharber v. Florence,* 131 Tex. 341, 115 S.W.2d 604 (1938). See also *Lowry v. State,* 671 S.W.2d 601 (Tex. App.—Dallas 1984), affirmed in part, reversed in part 692 S.W.2d 86 (an unconstitutional statute is void from its inception); *Fite v. King,* 718 S.W.2d 345 (Tex.App.— Dallas 1986) ref. n.r.e. (unconstitutional act confers no right, imposes no duty, and affords no protection).

It has also been said that an unconstitutional statute in the criminal area is to be considered no statute at all. *Hiett v. United States,* 415 F.2d 664, 666 (5th Cir.1969), cert. den. 397 U.S. 936, 90 S.Ct. 941, 25 L.Ed.2d 117, and that a statute unconstitutional in toto falls and carries with it all remedies provided therein. *El Paso Electric Co. v. Elliott,* 15 Fed.Supp. 81, rev'd. 88 F.2d 505, cert. den. 301 U.S. 710, 57 S.Ct. 945, 81 L.Ed. 1363.

In 16 Am.Jur.2d, Constitutional Law, § 256, p. 724, it is written:

"The general rule is that an unconstitutional statute, whether federal or state, though having the form and name of law, is in reality *no* law, but is wholly void, and ineffective for any purpose, since unconstitutionality dates from the

time of its enactment, and not merely from the date of the decision so branding it, an unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted. No repeal of such an enactment is necessary.

"Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no rights, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it...."

In § 257 of the same authority at page 728 it is further stated:

"And where the invalidity of an act or a portion thereof goes to the power of the legislature to enact the law, and not merely to the form of the enactment, no rights or correlative obligations may arise under such invalid statute."

Out-of-state cases examined are in accord with Texas law. In *Melbourne Corp. v. City of Chicago*, 76 Ill.App.3d 595, 31 Ill. Dec. 914, 394 N.E.2d 1291 (1979), it was held that an invalid law is void ab initio and confers no rights, imposes no duties and affords no protection. See also *Shirley v. Getty Oil Co.*, 367 So.2d 1388 (Ala.1979); *People v. Nicholson*, 61 Ill.App.3d 621, 18 Ill.Dec. 427, 377 N.E.2d 1063 (1978); *Stanton v. Lloyd Hammond Produce Farms*, 400 Mich. 135, 253 N.W.2d 114 (1977); *Ulrich v. Beatty*, 139 Ind.App. 174, 216 N.E.2d 737, reh. den. 139 Ind.App. 174, 217 N.E.2d 858 (1966); *Johnson v. State*, 271 Md. 189, 315 A.2d 524 (1974).

The Speedy Trial Act having been declared unconstitutional, *Meshell*, supra, is void from its inception and confers no rights or benefit.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals to consider appellant's remaining points of error.

MILLER, J., concurs in the result.

DUNCAN, Judge, dissenting.

Based on my opinion in *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988), I dissent.

CLINTON, TEAGUE and CAMPBELL, JJ., join this opinion.