Opinion issued January 9, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00496-CR




JANAN TOMA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1069680




O P I N I O N

           Appellant, Janan Toma, was convicted and fined $100 for violating a municipal
ordinance prohibiting persons from riding a bicycle on the street when a bicycle path is
available. Appellant challenges the constitutionality of the ordinance. 

           In 1987, the city of Hunter’s Creek Village enacted Ordinance 422, which provides
in pertinent part, “Whenever a usable path for bicycles has been provided adjacent to a public
street, bicycle riders shall use such path and shall not use the public street.” City of Hunter’s
Creek Village, Tex., Ordinance 422 (1987). A police officer warned appellant to ride her
bicycle on the adjacent pathway instead of in the street. When appellant did not comply, the
officer issued her a ticket. Appellant pleaded not guilty but was convicted in municipal court
and fined $200. After a new trial on appeal in county criminal court, appellant was again
convicted of violating the ordinance, but the fine was reduced to $100. 
           We initially address two threshold matters. First, the State challenged this Court’s
jurisdiction to consider this appeal because the fine did not exceed $100 and the
constitutional challenge to the statute was not the sole issue presented on appeal. See Tex.
Code Crim. Proc. Ann. art. 4.03 (Vernon Supp. 2003). In her reply brief, however,
appellant abandoned her second issue, leaving the constitutional challenge as the sole issue
presented. Accordingly, we will address the merits. Second, the State contends appellant
waived her challenge to the constitutionality of the statute as applied to her. We agree. The
trial court did not rule on appellant’s motion to quash, in which the constitutional issues were
raised; therefore, appellant has waived error concerning application of the ordinance. Tex.
R. App. P. 33.1(2)(A); see also Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990)
(holding even constitutional errors may be waived). However, a party may challenge
whether an ordinance is constitutional on its face at any time because if the statute is
unconstitutional it is void from its inception. Reyes v. State, 753 S.W.2d 382, 383-84 (Tex.
Crim. App. 1988). To prevail, a party must demonstrate that the statute always operates
unconstitutionally, i.e., there is no set of circumstances under which the statute will be valid. 
Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Appellant cannot
demonstrate this.
           Appellant contends the ordinance is impermissibly vague. We disagree. A statute is
vague if a person of ordinary intelligence must guess at its meaning. Cotton v. State, 686
S.W.2d 140, 141 (Tex. Crim. App. 1985). We find this ordinance to be perfectly
comprehensible based on its plain language—a bicyclist must not ride on a public road if
there is a usable bicycle path next to the road. Appellant also contends that the ordinance
denies equal protection of the law, improperly restricts personal liberty and freedom, and
improperly restricts the right to travel. We summarily reject these arguments as having no
merit. First, by no stretch of the law or imagination can bicyclists be considered a suspect
class. Second, bicyclists are not “denied access to the public roadways” by virtue of this
ordinance; they are merely directed to use the roadways subject to certain restrictions. Third,
the ordinance restricts only the use of roads by bicyclists within the municipality; it does not
impinge on constitutionally-guaranteed interstate travel.
           We overrule the issue.
 

           We affirm the trial court’s judgment.
 
 

 
                                                                  Evelyn V. Keyes

                                                                  Justice


Panel consists of Justice Hedges, Keyes, and Duggan.




Publish. Tex. R. App. P. 47.