# NO. 12-17-00309-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                    |   |                          |
|--------------------|---|--------------------------|
|                    | § | *APPEAL FROM THE 7TH*    |
| *EX PARTE: C.D.*   | § | *JUDICIAL DISTRICT COURT*|
|                    | § | *SMITH COUNTY, TEXAS*    |

## *MEMORANDUM OPINION*

The State of Texas filed a motion for rehearing of our June 20, 2018 opinion. We overrule the motion for rehearing, withdraw our June 20, 2018 opinion and judgment, and substitute the following opinion and corresponding judgment in their place.

The State of Texas appeals the trial court's order granting an expunction of C.D.'s arrest for online solicitation of a minor. In a single issue, the State contends the trial court erred by granting the expunction. We affirm.

## BACKGROUND

C.D. was arrested on October 28, 2010, and subsequently charged with online solicitation of a minor that allegedly occurred on or about October 7, 2010. Pursuant to a plea agreement, C.D. pleaded "guilty" and the court sentenced him to ten years deferred adjudication community supervision. While C.D. was serving his community supervision, the Texas Court of Criminal Appeals held that Section 33.021(b) of the Texas Penal Code, the statute applicable to C.D.'s arrest, was unconstitutionally overbroad. *See Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). C.D. was subsequently released from the conditions of his community supervision and his criminal case was dismissed.

In May 2017, C.D. filed a petition to expunge all criminal records and files relating to the October 28, 2010 arrest. In his motion, C.D. alleged that he had been released and the charge did

not result in a final conviction. He further contended that the indictment had been dismissed and that his case was vacated, set aside, and any and all orders in the case were dismissed. Following a hearing, the trial court granted C.D.'s petition. This appeal followed.

**EXPUNCTION**

In its only issue, the State contends C.D. was not entitled to expunction of his arrest record because he served community supervision as a result of the arrest.

## Standard of Review

We review a trial court's order granting or denying a petition for expunction for abuse of discretion. *See* ***Heine v. Tex. Dep't of Pub. Safety***, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." ***E.I. du Pont de Nemours & Co. v. Robinson***, 923 S.W.2d 549, 558 (Tex. 1995). If an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *See* ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it misinterprets or misapplies the law. ***Id.***

## Governing Law

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature and is governed by the rules of civil procedure. *See* ***Carson v. State***, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. ***Tex. Dep't of Pub. Safety v. Nail***, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with statutory requirements, and has no equitable power to extend the clear meaning of the statute. ***Harris Cty. Dist. Attorney v. Lacafta***, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Texas Code of Criminal Procedure Article 55.01(a)(2) states, in relevant part, that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if (1) the person has been released, (2) the charge, if any, has not resulted in a final conviction, (3) the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor.

*See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West 2018). "The traditional and primary purpose of the expunction statute is to remove records of wrongful arrests." **S.J. v. State**, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.). Thus, the expunction statute is "arrest-based" and expunction is not available for less than all offenses arising from one arrest. **Id.** at 844; *but see* **State v. T.S.N.**, 547 S.W.3d 617, 623 (Tex. 2018) (holding that Article 55.01 is not entirely arrest-based but declining to address the specifics of 55.01(a)(2)); *see also* BLACK'S LAW DICTIONARY 116, 248, 1110 (8th ed. 2004) (defining an "arrest," in pertinent part, as a "taking or keeping of a person in custody by legal authority, esp. in response to a criminal charge," whereas a "charge" accuses someone of an offense, i.e., a "violation of the law"). In other words, a person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but that dismissal results in a final conviction of any charge arising from the same arrest. *See* **Tex. Dep't of Public Safety v. G.B.E.**, 459 S.W.3d 622, 629 (Tex. App.–Austin 2014, pet. denied); **In re A.G.**, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding petitioner failed to show charge had not resulted in final conviction under current version of Article 55.01 because petitioner pleaded guilty to reckless driving).

## Analysis

To be entitled to an expunction under Article 55.02(a)(2), C.D. had the burden of showing all of the following requirements: (1) he had been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); **Ex parte Green**, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). The State contends that C.D. did not meet the fourth requirement for expunction. Specifically, the State argues that because C.D. served community supervision, he is not entitled to an expunction under Article 55.01(a)(2).

The record shows C.D. was arrested on October 28, 2010, and charged with online solicitation of a minor. He pleaded guilty and was sentenced to ten years of deferred adjudication community supervision. It is undisputed, and the record shows, that the October 28, 2010 arrest resulted in court-ordered community supervision. *See* **Tex. Dep't of Pub. Safety v. Moran**, 949 S.W.2d 523, 527 (Tex. App.—San Antonio 1997, no writ) (deferred adjudication is court-ordered community supervision even if defendant not under any court-imposed conditions

3

other than paying a fine and court costs). Consequently, it would appear that because the charge resulted in community supervision, C.D. is not entitled to expunction of any records relating to his October 28, 2010 arrest. *See Ex parte T.C.,* No. 12–13–00138–CV, 2014 WL 4104806, at \*3 (Tex. App.—Tyler Aug. 20, 2014, no pet.) (mem. op.) (because court imposed deferred adjudication, T.C. received "court ordered community supervision" under Article 42.12 for purposes of expunction statute, and was ineligible for expunction of her theft arrest records); *see also Nail*, 305 S.W.3d at 679–85 (defendant who successfully completed deferred adjudication not entitled to expunction).

However, in the trial court, C.D. argued that he is entitled to an expunction because his case was vacated after the Texas Court of Criminal Appeals held a portion of the online solicitation statute unconstitutional. In *Ex parte Lo*, the court of criminal appeals held that Section 33.021(b), the same section under which C.D. was indicted, was unconstitutional because everything that Section 33.021(b) prohibits and punishes is speech and is either already prohibited by other statutes or is constitutionally protected. *Ex parte Lo*, 424 S.W.3d at 20. In this case, the indictment alleges that C.D. "with the intent to arouse or gratify the sexual desire of the defendant, intentionally communicate[d] over the Internet in a sexually explicit manner, to-wit: ' ... just one more pic I really need to cum please help me', with [complainant], an individual younger than 14 years of age[.]" Thus, the record demonstrates that C.D. was indicted for online solicitation under Section 33.021(b) only. Based on our review of the record, it appears C.D.'s alleged conduct does not constitute criminal conduct under the other statutes identified in *Ex parte Lo*. *See* TEX. PENAL CODE ANN. § 15.031 (West Supp. 2017) (criminal solicitation of a minor prohibiting defendant from requesting minor's participation in certain enumerated felonies that are inapplicable to the present case); *see also id*. § 43.22 (West 2016) (display or distribution of obscene photograph, drawing or similar visual representation or other material and defendant is reckless about whether a person is present who will be offended or alarmed by such display or distribution); *id*. § 43.23 (West 2016) (prohibiting wholesale promotion or possession with intent to wholesale promote any obscene material or device); *id*. § 43.24 (West 2016) (criminalizing the sale, distribution, or display of harmful material to a minor); *id*. § 43.26 (West 2016) (possession or promotion of child pornography).

Consequently, when the court of criminal appeals held Section 33.021(b) unconstitutional, C.D. filed a motion to set aside his case and "vacate any and all orders" in his

case. Following a hearing, the trial court granted the motion and vacated any and all orders in C.D.'s online solicitation of a minor case. This necessarily included the order of deferred adjudication which placed C.D. on community supervision. As a result of the order being vacated, it is as if the trial court never ordered C.D. to serve community supervision. *See Vacate,* BLACK'S LAW DICTIONARY (10th ed. 2014) ("to nullify or cancel; make void; invalidate); *Martinez v. State*, 194 S.W.3d 699, 701 (Tex. App.—Houston [14th] 2006, no pet.) (when an original judgment imposing probation is void, there is no judgment imposing community supervision and therefore nothing to revoke). This is because an unconstitutional statute amounts to nothing, accomplishes nothing, and is no law. *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988). Since an unconstitutional law is void, it is as if it was never passed and the statute justifies no acts performed under it. *Id.* at 383–84.

The present case is unlike the cases cited by the State, in which the petitioner completed the terms of his community supervision and was "release[d] from the 'penalties and disabilities' of a criminal offense." *See Ex Parte Hill*, No. 12-10-00281-CV, 2011 WL 2112769, at *2 (Tex. App.—Tyler May 25, 2011, no pet.) (mem. op.). On the contrary, the statute under which C.D. was arrested has been declared unconstitutional, and, as a result, it is as if C.D.'s arrest never occurred. *See Reyes*, 753 S.W.2d at 384. Therefore, we are not expanding the terms of the statute by concluding that C.D. is entitled to expunction under the specific circumstances of this case, as C.D. met all of the requirements of Article 55.01(a)(2). *See Harris Cty. Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 722 (Tex. App.—Houston [1st Dist.] 1993, no writ) (holding that order of deferred adjudication declared invalid when habeas relief granted, thus, appellee met all requirements of expunction statute).

Accordingly, we hold that the trial court did not abuse its discretion when it granted C.D.'s petition for expunction because the community supervision order was vacated. *See id.* We overrule the State's sole issue.

## DISPOSITION

Having overruled the State's single issue, we *affirm* the trial court's judgment granting expunction of C.D.'s October 28, 2010 arrest.

BRIAN HOYLE
Justice

5

Opinion delivered July 25, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 25, 2018**

**NO. 12-17-00309-CV**

**EX PARTE: C.D.**

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 17-1109-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below granting expunction of C.D.'s October 28, 2010 arrest **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*