**Opinion issued December 28, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————————

**NO. 01-16-00420-CV**

———————————

**TEXAS EDUCATION AGENCY, Appellant**

**V.**

**S.E.H., Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-227070**

---

### OPINION ON EN BANC RECONSIDERATION

This appeal involves a statute authorizing expunction of arrest records and its application to a former school teacher who, over the course of several months, solicited sex online from a person he believed to be a thirteen-year-old girl. In reality,

appellee S.E.H. was communicating with a police officer who kept records of their interactions as part of a sting operation.

S.E.H. was eventually arrested for the felony offense of online solicitation of a minor,[1] and he pleaded guilty. Rather than being immediately sentenced to a punishment, he received deferred adjudication. As a condition of his community supervision, he surrendered his educator certification to the Texas Education Agency. But after the relevant penal statute was held to be unconstitutionally overbroad in violation of the First Amendment, S.E.H. obtained habeas corpus relief and dismissal of the case against him.[2] He subsequently petitioned for expunction of all records and files relating to the arrest.[3] The TEA opposed expunction generally, and it expressed a desire to maintain a copy of records received from the police that documented conduct before the arrest and that could be relevant to any future application by S.E.H. to have his educator certification restored.

The district court entered an expunction order that the TEA appeals on two grounds. First, it argues that S.E.H. was not entitled to an expunction remedy because he served court-ordered community supervision, which the TEA contends

---

[1]     *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050 (amended 2007, 2015) (current version at TEX. PENAL CODE § 33.021(b)).

[2]     *See* TEX. CODE CRIM. PROC. art. 11.072.

[3]     *See id.* art. 55.01(a)(2).

is a disqualifying factor. Second, the TEA argues that the scope of the expunction order is overbroad to the extent it is prohibited from maintaining records memorializing S.E.H.'s conduct. We conclude that the trial court correctly found that S.E.H. is entitled to the expunction remedy. We further conclude that the TEA has not preserved any challenge to the form or scope of the expunction order as entered, nor to any question of whether any particular document must be expunged. We therefore affirm the expunction order.

# I

The threshold question in this appeal is whether the historical fact of S.E.H.'s community supervision disqualifies him from obtaining an expunction remedy available to people who were released without any resulting final conviction, but that excludes people who avoided final conviction by successfully completing community supervision.[4] The TEA argues that S.E.H. cannot escape the historical facts that he pleaded guilty and received court-ordered community supervision, thus rendering him ineligible for expunction. S.E.H. responds that, as a legal matter, he

---

[4] *See id.*; *see also id.* art. 42A.001(1) (for purposes of chapter 42A, "'Community supervision' means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which: (A) criminal proceedings are deferred without an adjudication of guilt; or (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.").

was never placed on community supervision because the prosecution was void from the outset (or, as the relevant precedents put it, "void *ab initio*").

In *Ex parte Lo*, the Court of Criminal Appeals held that the statute under which S.E.H. was convicted, Section 33.021(b) of the Penal Code, was unconstitutionally overbroad because it prohibited a wide array of constitutionally protected speech and was not narrowly drawn to achieve only the legitimate objective of protecting children from sexual abuse.[5] In the wake of that decision, the Court had opportunities to address the posture of prior prosecutions under the invalidated statute. It stated that when a statute is adjudged to be unconstitutional, it is "as if it had never been"—"void from its inception" and "stillborn."[6] A petition for habeas corpus in that circumstance was framed by the Court as seeking "relief for a conviction of a non-crime under a statute that has already been held to be invalid."[7] The relief rendered in that scenario was a judgment of acquittal, based on

---

[5]    424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

[6]    *Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015) (quoting *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988), and *Ex parte Bockhorn*, 138 S.W. 706, 707 (Tex. Crim. App. 1911)); *see also Ex parte Siebold*, 100 U.S. 371, 376 (1880) ("An unconstitutional law is void, and is as no law."); *accord Montgomery v. Louisiana*, 136 S. Ct. 718, 730–31 (2016).

[7]    *Smith*, 463 S.W.3d at 896.

4

the characterization of such convictions as "facially unconstitutional," "'stillborn,'" and "void *ab initio*."[8]

Against this legal background, we must determine whether S.E.H. is eligible to have the records and files relating to his arrest expunged under Article 55.01(a)(2) of the Code of Criminal Procedure. As relevant to this case, the expunction statute provides:

> Art. 55.01. RIGHT TO EXPUNCTION.  (a)  A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2)  the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense . . . .
>
> . . . .

The TEA contends that this statute renders S.E.H. ineligible for expunction remedies because, as a matter of historical fact, there was a court-ordered community

---

[8]   *Id*. at 895–96 (quoting *Reyes*, 753 S.W.2d at 383); *see also Ex parte Chance*, 439 S.W.3d 918, 919 (Tex. Crim. App. 2014) (Cochran, J., concurring) ("For this reason, a person may always obtain relief from an indictment or a conviction based on a penal statute that has been previously declared unconstitutional. He may obtain relief in a pretrial motion or writ; he may obtain relief on direct appeal; he may obtain relief in a habeas corpus proceeding, and it matters not whether he had ever previously objected to the statute or its application to him. The unconstitutional statute has disappeared in a puff of smoke. No one can be convicted for a non-existent crime and no prior conviction based upon that unconstitutional statute is valid.").

supervision under Chapter 42A for his offense. We are unpersuaded that the legal analysis is that simple. We must consider the context of the entire statute,[9] which contains no indication that its application should not account for both historical facts and the legal significance of those events.[10] The expunction statute does not foreclose applications based on the understanding that when a prosecution was void *ab initio*, any resulting court-ordered community supervision also was void *ab initio*,[11] just as any resulting conviction was likewise void *ab initio*.[12] This legally

---

[9]    *See State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018); *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (per curiam) ("we must read the statute as a whole and interpret it to give effect to every part").

[10]    *See* Antonin Scalia, *Common-Law Courts in a Civil-Law System: The Role of United States Federal Courts in Interpreting the Constitution and Laws*, in A MATTER OF INTERPRETATION 23 (1997) ("A text should not be construed strictly, and it should not be construed leniently; it should be construed reasonably, to contain all that it fairly means.").

[11]    *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) ("If the original judgment imposing probation was void, then the trial court would have no authority to revoke probations, since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke."); *cf. Harris Cty. Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 722 (Tex. App.—Houston [1st Dist.] 1993, no writ) (affirming expunction order after habeas corpus relief was granted in a misdemeanor case, despite the fact that petitioner had deferred adjudication, when the relief consisted of an order granting a new trial restoring the case to its position before the former trial, to the effect that "there was never valid court-ordered probation").

[12]    *Smith*, 463 S.W.3d at 896; *accord Ex parte E.H.*, No. 02-17-00419-CV, 2018 WL 4050556, at *6–7 (Tex. App.—Fort Worth Aug. 16, 2018, pet. filed); *Ex parte C.D.*, No. 12-17-00309-CV, 2018 WL 3569838, at *3 (Tex. App.—Tyler July 25, 2018, pet. filed) (mem. op.).

informed interpretation does no violence to the expunction statute's plain text, and it aligns with the self-evident statutory policy objective of authorizing expunction when a person has been released under circumstances in which there has been and will be no resulting final conviction—except when the only reason for avoiding a final conviction was the successful completion of court-ordered community supervision.[13]

Expunction is a statutory privilege, and the Legislature could withhold it from people who engaged in the conduct of soliciting minors online yet escaped criminal prosecution due to the constitutional defect found in *Ex parte Lo*. The Legislature has not done so. Instead, the expunction remedy is available to people acquitted of

---

[13] *See generally* TEX. CODE CRIM. PROC. art. 55.01(a)(2) (restricting application of expunction remedy to circumstances when prosecution against the person is no longer possible because the limitations period has expired, or a significant time has passed since the arrest without the filing of a new charge arising from the same transaction and the records are not required for use in connection with any other felony charge or other criminal investigation or prosecution).

crimes,[14] and acquittal is the remedy received by those who were wrongly convicted under Section 33.021(b) due to its constitutional infirmities.[15]

Statutory construction is a holistic endeavor.[16] Our interpretation applies the expunction statute consistently to all prosecutions under an unconstitutional statute regardless of whether, as a matter of procedural history, the legally acquitted petitioner had been convicted or had received probation instead. The statute does not require otherwise. In both circumstances, void legal consequences from void statutes are treated as void from their very inception. Under the expunction statute as currently written, an episode of community supervision imposed pursuant to a void statute must be treated just as it would be treated in other legal circumstances: as a legal nullity, vanished in a puff of smoke,[17] stuffed down the memory hole just like the expunction of official documents that the Legislature has authorized for people convicted then acquitted under an unconstitutional statute.

Pursuant to article 55.01(a)(2) of the Code of Criminal Procedure, we hold that S.E.H., a person who was arrested for commission of a felony, is entitled to have

---

[14] *See id.*

[15] *Smith*, 463 S.W.3d at 895–96.

[16] *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371, 108 S. Ct. 626, 630 (1988).

[17] *Ex parte Chance*, 439 S.W.3d at 919 (Cochran, J., concurring).

all records and files relating to the arrest expunged because he has been released, and the charge has not resulted in a final conviction and is no longer pending. The prosecution was void *ab initio*, and as a matter of law there was no court-ordered community supervision under Chapter 42A for the offense.[18]

## II

In its remaining issue, the TEA challenges the scope of the expunction order as overbroad. It asks us to "confirm that the trial court's understanding of the scope of expunction is erroneously broad," and that the expunction statute allows it "to retain the documents in its files describing S.E.H.'s relevant conduct once those documents have been redacted to remove all references to S.E.H.'s arrest."

---

[18] We also reject the TEA's argument that S.E.H. is not entitled to expunction because Article 55.01(a)(2)(A)(ii) required him to prove and the trial court to find that his indictment was dismissed. At the time of the expunction petition, prosecution of S.E.H. for the offense for which he was arrested was no longer possible because (among other reasons) the limitations period has expired. *See* TEX. CODE CRIM. PROC. arts. 12.01(7), 55.01(a)(2)(B). Further, the TEA's complaints about S.E.H.'s pleading deficiencies for failure to include complete information as required by Article 55.02, Section 2(b)(1) (e.g., petitioner's full driver's license number and social security number; date, county, and municipality of arrest; and name of arresting agency) do not implicate the sufficiency of the evidence to support the expunction order, *see* TEX. R. APP. P. 33.1(d), and they have been waived due to failure to raise them before the judgment was signed. TEX. R. CIV. P. 90. To the extent the order failed to include S.E.H.'s social security number and date of arrest, *see* TEX. CODE CRIM. PROC. art. 55.02, § 3(b), we conclude that the TEA has failed to demonstrate that these are reversible errors. *See* TEX. R. APP. P. 44.1(a).

These issues were not presented or preserved in the trial court. The TEA did not challenge the language of the expunction order by suggesting what it ought to say differently. The TEA did not present evidence or authority to support an argument that it could satisfy the expunction statute, which provides a remedy that consists of expunging "all records and files relating to the arrest," merely by redacting all references to S.E.H.'s arrest. An "incident report" generated by the Sugar Land Police Department was discussed at the expunction hearing as a document that TEA wanted to "keep" because it described the sting operation and "conduct that occurred," but that document also discussed the execution of an arrest warrant. Other than that discussion, the TEA made no record of what other documents it sought to exclude from the scope of the expunction order, or what specific redactions to any such documents it proposed to satisfy the expunction statute.

At the conclusion of the hearing, the trial judge stated that the "incident report . . . constitutes part of the arrest records and constitutes an expungeable item." He then signed the proposed expunction order in the form that had been agreed by S.E.H.'s counsel and the Fort Bend County district attorney's office.

To the extent the TEA now argues that particular documents in the record described S.E.H.'s conduct without referencing his arrest, no ruling was requested to determine whether any other particular documents might not be subject to

expunction. And as acknowledged by S.E.H.'s brief, the TEA still may have procedural avenues by which it can contest the applicability of the expunction order to specific documents.[19] But the relief requested in this appeal—instructions that the trial court modify the expunction order to allow the TEA to maintain documents with redactions of references to S.E.H.'s arrest—was not requested in the trial court. Accordingly, on the record before us, we overrule the TEA's challenge to the scope of the expunction order,[20] and we express no opinion about whether any particular documents must be expunged under that order as it stands.

\*      \*      \*

The trial court did not err by granting S.E.H.'s petition for expunction. Accordingly, we affirm the order.

Michael Massengale
Justice

The panel consisted of Chief Justice Radack and Justices Brown and Lloyd.

En banc reconsideration was granted. TEX. R. APP. P. 49.7.

---

[19]   Br. at 17 ("[T]he Agency might seek a declaratory judgment. Or it might fail to return the records to the trial court, risking being held in contempt and having the employees involved prosecuted criminally for failing to comply with the expunction order." (footnote omitted)).

[20]   *See* TEX. R. APP. P. 33.1(a).

The en banc court consists of Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Lloyd, and Caughey.

Justice Massengale, writing for the en banc court, joined by Chief Justice Radack and Justices Keyes, Higley, Bland, Brown, and Caughey.

Justice Jennings, concurring in the judgment, joined by Justice Higley.

Justice Caughey, concurring, joined by Justices Keyes and Brown.

Justice Lloyd, dissenting.