**Opinion issued December 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00420-CV

————————————

**TEXAS EDUCATION AGENCY, Appellant**

**V.**

**S.E.H., Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-227070**

## CONCURRING OPINION ON EN BANC RECONSIDERATION

The Texas Court of Criminal Appeals has expressly declared that section

33.021(b) of the Texas Penal Code ("online solicitation of a minor"),[1] the statutory

---

[1] TEX. PENAL CODE ANN. § 33.021(b) (Vernon 2017).

provision under which appellant, S.E.H., was convicted, is facially unconstitutional. *See Ex Parte Lo*, 424 S.W.3d 10, 27 (Tex. Crim. App. 2013). An unconstitutional statute is "void from its inception," and "when a statute is adjudged to be unconstitutional, it is as if it had never been." *Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015) (quoting *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988)). In other words, "an unconstitutional statute in the criminal area is to be considered no statute at all." *Id.* (quoting *Reyes*, 753 S.W.2d at 383). As such, a judgment entered against a defendant for violation of an unconstitutional statute is also void. *See Reyes*, 753 S.W.2d at 383 ("[G]enerally a void law is no law and confers no rights, bestows no power on anyone and justifies no act performed under it.") (citing *Sharber v. Florence*, 113 S.W.2d 604 (Tex. 1938)). "[W]here an original judgment imposing [community supervision] is void, there is no judgment imposing [community supervision], and, accordingly, nothing to revoke." *Martinez v. State*, 194 S.W.3d 699, 701 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Nix v. State*, 65 S.W.3d 664, 668–69 (Tex. Crim. App. 2001)).

Appellee, S.E.H., was convicted of the offense of online solicitation of a minor under section 33.021(b) of the Texas Penal Code, which, at the time, provided as follows:

> (b) A person who is 17 years of age or older commits an offense if, with the intent to commit an offense listed in Article 62.001(5)(A), (B), or (K), Code of Criminal Procedure, the person, over the Internet, by electronic mail or text message or other electronic

message service or system, or through a commercial online service, intentionally:

> (1) communicates in a sexually explicit manner with a minor; or

> (2) distributes sexually explicit material to a minor.

TEX. PENAL CODE ANN. § 33.021(b) (Vernon 2017). In *Ex Parte Lo*, the court of criminal appeals held that this provision is facially unconstitutional. 424 S.W.3d at 27.

Because the statutory provision under which S.E.H. was convicted is void, the judgment in which the trial court imposed community supervision upon him is also void. *See Smith*, 463 S.W.3d at 895; *Martinez*, 194 S.W.3d at 701. Thus, there is no logical basis to hold that the court below erred in granting S.E.H. an expunction of his conviction. The fact that the trial court had placed S.E.H. on community supervision is of no consequence.

Respectfully, the dissent's interpretation of the expunction statute[2] would lead to the ultimate absurd result: a situation in which it would impose upon S.E.H. the lasting stigma of a felony conviction that is based upon a void judgment. Moreover, to reach such a result, this Court would have to overrule the binding precedent of *Harris County District Attorney's Office v. D.W.B.*, 860 S.W.2d 719 (Tex. App.— Houston [1st Dist.] 1993, no pet.). However, there is a "strong presumption" against

---

[2]     TEX. CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon 2018).

overruling precedent. *Gutierrez v. Collins*, 583 S.W.2d 312, 317 (Tex. 1979). Under the rule of stare decisis, we should overrule a previous holding of this Court only for very important reasons and after careful deliberation. And it should go without saying that we should not overrule binding precedent to reach a patently erroneous result.

Accordingly, I concur in the judgment of the Court.


Terry Jennings
Justice


The panel consisted of Chief Justice Radack and Justices Brown and Lloyd.

En banc reconsideration was granted. TEX. R. APP. P. 49.7.

The en banc court consists of Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Lloyd, and Caughey.

Justice Massengale, writing for the en banc court, joined by Chief Justice Radack and Justices Keyes, Higley, Bland, Brown, and Caughey.

Justice Jennings, concurring in the judgment, joined by Justice Higley.

Justice Caughey, concurring, joined by Justices Keyes and Brown.

Justice Lloyd, dissenting.