# IN THE SUPREME COURT OF TEXAS

No. 18-1041

IN RE COLTON LESTER, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**Argued January 29, 2020**

JUSTICE DEVINE delivered the opinion of the Court, in which CHIEF JUSTICE HECHT, JUSTICE GREEN, JUSTICE GUZMAN, JUSTICE LEHRMANN, JUSTICE BUSBY, and JUSTICE BLAND joined.

JUSTICE BOYD filed a dissenting opinion.

JUSTICE BLACKLOCK filed a dissenting opinion, in which JUSTICE BOYD joined as to Part I.

The sole issue in this original mandamus proceeding is whether relator Colton Lester is entitled to wrongful-imprisonment compensation under the Tim Cole Act.[1]  We conclude that Lester is entitled to Tim Cole Act compensation because the conduct for which he was imprisoned was not a crime at any time during his criminal proceedings.  We therefore conditionally grant Lester's petition for writ of mandamus.

---

[1] The Tim Cole Act is codified in Chapter 103 of the Texas Civil Practice & Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE §§ 103.001–.154.  The chapter is titled "Compensation to Persons Wrongfully Imprisoned," but since 2009 the statute has been known as the Tim Cole Act.  *See* Act of May 27, 2009, 81st Leg., R.S., ch. 180, § 1, 2009 Tex. Gen. Laws 523 ("This Act shall be known as the Tim Cole Act.").  Tim Cole died of an asthma attack in 1999 while incarcerated for aggravated sexual assault.  DNA evidence later cleared Cole of the charges, and in 2010 Cole received the State's first posthumous pardon.  *See In re Smith*, 333 S.W.3d 582, 583 n.1 (Tex. 2011).

# I

This is an egregious case of the criminal-justice system gone wrong. In 2013, the Court of Criminal Appeals ruled that Section 33.021(b) of the Texas Penal Code (Online Solicitation of a Minor) was unconstitutional. *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). In 2014, seventeen-year-old Lester attempted to sexually proposition a minor over text message. Lester was charged with attempted online solicitation of a minor under Section 33.021(b), a third-degree felony, even though the Court of Criminal Appeals had already declared the statute unconstitutional. Unaware that his prosecution was illegal, Lester pleaded guilty to the charge and received a five-year deferred adjudication sentence. Lester's probation was later revoked, and Lester was sentenced to three years in prison. He ultimately served two years in prison before obtaining relief on his first petition for a writ of habeas corpus. After his release, Lester applied for compensation under the Tim Cole Act. His application was denied. Lester then filed an application to cure, but that application was also denied. Lester subsequently filed this original proceeding.

The Tim Cole Act entitles certain wrongfully imprisoned individuals to compensation from the State. The Texas Comptroller of Public Accounts has the duty to determine eligibility for Tim Cole Act compensation. TEX. CIV. PRAC. & REM. CODE § 103.051(b)(1). This duty is purely ministerial. *Id.* § 103.051(b-1). The Act further provides that an applicant may challenge the Comptroller's denial of compensation by bringing an action for mandamus relief. *Id.* § 103.051(d)–(e). This Court has exclusive jurisdiction to mandamus the Comptroller, as an executive officer of the State, and thus the mandamus action must be filed as an original proceeding here. *See* TEX. GOV'T CODE § 22.002(c) (providing that only the Supreme Court has

authority to issue writs of mandamus against executive officers of the state); *In re Smith*, 333 S.W.3d 582, 585 (Tex. 2011).

The Tim Cole Act provides several avenues for compensation, but only one is at issue here. Texas Civil Practice & Remedies Code Section 103.001(a)(2)(B) provides that a wrongfully imprisoned person is entitled to compensation if the person "has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced." Lester contends that he is "actually innocent" of the crime of online solicitation of a minor because the Court of Criminal Appeals had already declared Section 33.021(b) unconstitutional before Lester sent the offending text message.

## II

In *In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012), we acknowledged that "actual innocence" is a "legal term of art [that] has acquired a technical meaning in the habeas corpus context." There are two types of actual-innocence claims in Texas habeas law. *Id.* at 703 (citing *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex. Crim. App. 2002)). First, *Herrera* claims are substantive claims in which a petitioner "asserts that newly discovered evidence establishes an applicant's innocence." *Id.*; *see also Herrera v. Collins*, 506 U.S. 390 (1993). "The most familiar *Herrera*-type cases are those in which DNA testing leads to exoneration of the applicant." *Allen*, 366 S.W.3d at 703. Second, *Schlup* claims are procedural claims that provide a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 704 (quoting *Schlup v. Delo*, 513 U.S. 298,

315 (1995)). Thus, a petitioner may succeed on a *Schlup* claim only if the petitioner's claims for habeas relief are procedurally barred.

Here, Lester does not have any "newly discovered evidence" on which to base a *Herrera* claim. Lester's habeas petition also was not procedurally barred, eliminating the need for a *Schlup* gateway claim. Thus, Lester does not have either type of actual-innocence claim currently recognized in Texas habeas law.

However, habeas actual-innocence jurisprudence—and our related decision in *Allen*—is based on the assumption that the petitioner's alleged conduct was criminal at the time it was committed. For example, in *Allen*, petitioner Billy Frederick Allen was charged with murder. 366 S.W.3d at 701. There was no question—before, during, or after Allen's criminal trial—that Allen's alleged actions, if proven, constituted a crime. Rather, Allen relied on newly discovered exculpatory evidence to successfully argue that (1) he probably did not commit the crime, so the court should consider his procedurally barred successive habeas petition (a *Schlup* claim); and (2) his counsel was unconstitutionally deficient, entitling him to relief. *Ex parte Allen*, Nos. AP-75580, AP-75581, 2009 WL 282739 (Tex. Crim. App. Feb. 4, 2009). We ultimately concluded that Allen was entitled to Tim Cole Act compensation because his successful *Schlup* claim brought him within the "narrow class of cases that satisfy the actual innocence standard." *Allen*, 366 S.W.3d at 710. But again, our decision assumed that Allen's conduct would have been criminal had the state been able to prove that Allen in fact committed the murders for which he was charged.

Here, as a matter of historical fact, Lester's conduct was not a crime at the time it was committed because the Court of Criminal Appeals had already declared the online-solicitation

4

statute unconstitutional. Lester is therefore actually innocent in the same way that someone taking a stroll in the park is actually innocent of the crime of walking on a sidewalk. No such crime exists. Just because existing actual-innocence jurisprudence does not contemplate something as outrageous as Lester's case does not mean that Lester, who committed no crime, is anything but actually innocent.

Our decision today does not conflict with the Court of Criminal Appeals' decision in *Ex parte Fournier*, 473 S.W.3d 789 (Tex. Crim. App. 2015). In *Fournier*, as in this case, the petitioners sought habeas relief on the ground that their convictions for online solicitation of a minor under Section 33.021(b) were unconstitutional. *Id.* at 790. Although the *Fournier* Court concluded that the petitioners were entitled to habeas relief, the Court held that the petitioners were not "actually innocent" of the crime for which they were convicted. *Id.* at 793. The Court reasoned that the petitioners were not "actually innocent" of the crime of online solicitation of a minor because the "conduct on which the criminal prosecution was based still exists as a matter of historical fact." *Id.*

The State urges us to adopt *Fournier*'s reasoning here: Lester admits that he, in fact, sent the text message in question, so the State reasons that Lester cannot be "actually innocent" of the crime. Again, however, the *Fournier* decision assumes that the underlying conduct would have been a crime if proven. *See id.* at 797 (Alcala, J., concurring) ("[The petitioners] did commit acts that, at the time those acts were committed, were considered criminal under the laws of this State." (emphasis added)). Indeed, *Fournier* acknowledged that a petitioner is actually innocent when the petitioner "did not, in fact, commit the charged offense or any of the lesser-included offenses." *Id.* at 792 (quoting *State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010)).

5

The *Fournier* petitioners were charged under Section 33.021(b) before the Court of Criminal Appeals declared the statute unconstitutional. *Id.* at 790. Thus, the *Fournier* petitioners did, "in fact, commit the charged offense" of online solicitation of a minor. *Id.* at 792. In contrast, the Court of Criminal Appeals had already declared Section 33.021(b) unconstitutional at the time Lester sent the offending text message, and Lester's prosecution under that statute was illegal from its inception. Lester therefore could not have "commit[ted] the charged offense" of online solicitation of a minor because that offense, in fact, no longer existed. *Id.*; *see also Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988) ("[A]n unconstitutional statute, as a general rule, amounts to nothing and accomplishes nothing and is no law."). Lester did not commit acts that, at the time those acts were committed, were criminal under the laws of the State. *See Fournier*, 473 S.W.3d at 797 (Alcala, J., concurring). Thus, *Fournier* is consistent with our holding today.[2]

Both dissents see *Fournier* differently. Justice Blacklock's dissent observes that the Court of Criminal Appeals used similar language in its orders granting relief in this case and in *Fournier*. *Post* at ___. Thus, because the Court of Criminal Appeals expressly rejected the *Fournier* petitioners' actual-innocence theory, Justice Blacklock concludes that we must do the same here. Justice Blacklock also emphasizes that the Tim Cole Act requires an applicant's

---

[2] In its amicus brief, the State Prosecuting Attorney asserts that the law-of-the-case doctrine prohibits this Court from concluding that Lester is actually innocent under the Tim Cole Act. Specifically, the Prosecuting Attorney contends that the Court of Criminal Appeals did not adjudicate the issue of Lester's actual innocence; thus, "[t]his Court would intrude upon the [Court of Criminal Appeals'] jurisdiction if it construed the [Court of Criminal Appeals'] disposition contrary to the plain text of its order granting relief." However, as the Prosecuting Attorney acknowledges in its brief, the law-of-the-case doctrine only applies in a "subsequent appeal in the same case." *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). This mandamus action is not a subsequent appeal of Lester's criminal case; it is not part of Lester's criminal case at all. The Tim Cole Act is a civil statute that this Court interprets de novo. *Allen*, 366 S.W.3d at 703. Thus, our decision today—which concerns only the meaning of "actual innocence" under the Tim Cole Act—does not encroach on the Court of Criminal Appeals' criminal-law jurisdiction. *See* TEX. CONST. art. V, § 3 (providing that this Court's jurisdiction "shall extend to all cases except [] criminal law matters").

supporting papers to "clearly indicate on their face" that the applicant was granted relief on actual-innocence grounds. *Id.* at ___; TEX. CIV. PRAC. & REM. CODE § 103.051(b-1). In light of *Fournier*, Justice Blacklock argues, Lester could not have made such a showing. *Post* at ___.

However, this approach elevates form over substance. At bottom, Justice Blacklock would limit Tim Cole Act compensation to only those cases in which the Court of Criminal Appeals expressly states that the petitioner is actually innocent. *See id.* at ___. We do not see the Act as so limited. First, the Act does not include this express requirement. And second, from a practical perspective, such a limited approach would essentially prohibit any further litigation about who is eligible for compensation under the Act. We have already declined to adopt such a rigid approach. *See Allen*, 366 S.W.3d at 709–10 (holding that the petitioner was entitled to Tim Cole Act compensation, even though the Court of Criminal Appeals did not "explicitly state that its holding [was] based on actual innocence").

Justice Boyd's dissent takes yet another view of *Fournier*. Justice Boyd first observes the "well-established principle[]" that an unconstitutional statute is void from its inception. *Post* at ___. Thus, according to Justice Boyd, all individuals convicted under an unconstitutional statute must either be actually innocent from the beginning or not actually innocent at all. *Id.* at ___. Put differently, the statute was void at all times; therefore, Justice Boyd argues, all convictions secured under the statute are equally void, regardless of whether the conviction occurred before or after the Court of Criminal Appeals declared the statute unconstitutional. Thus, there can be no difference between the legal status of the *Fournier* petitioners' convictions (secured before the statute was declared unconstitutional) and Lester's conviction (secured after

7

the statute was declared unconstitutional). Because *Fournier* held that the petitioners in that case were not actually innocent, Justice Boyd contends that Lester also cannot be actually innocent.

However, this approach blurs the lines between the distinct concepts of actual innocence and legal innocence. Lester and the *Fournier* petitioners are all legally innocent because their convictions were secured under an unconstitutional statute that was void from its inception. However, actual innocence asks a different question: whether the petitioner "did not, in fact, commit the charged offense or any of the lesser-included offenses." *Fournier*, 473 S.W.3d at 792 (quoting *Wilson*, 324 S.W.3d at 598). Thus, actual innocence is not an inquiry into the legal status of a petitioner's conviction or the legal status of the statute in question. Rather, actual innocence is an inquiry of historical fact. The *Fournier* petitioners did, in fact, commit the crime of online solicitation because they committed certain acts that met each element of the online-solicitation offense that was in force at that time. In contrast, as a matter of historical fact, Lester's actions did not constitute an offense at the time he committed them. Lester is therefore actually innocent, while the *Fournier* petitioners are not. But nothing about the historical nature of the actual innocence inquiry undermines the longstanding rule that an unconstitutional statute is legally void from its inception. *See Reyes*, 753 S.W.2d at 383.

### III

Finally, we acknowledge that parts of our *Allen* decision suggest that actual innocence under the Tim Cole Act is limited to only *Herrera* or *Schlup* claims. *See Allen*, 366 S.W.3d at 708–09. However, that limiting language was immaterial to *Allen*'s central holding—which we leave undisturbed—that *Schlup* claims are actual-innocence claims under the Tim Cole Act. *See id.* at 710. While we acknowledge Justice Blacklock's view that *Allen* should govern in its

8

entirety, *post* at ___, the *Allen* decision did not contemplate the type of patently unjust (and unconstitutional) prosecution before us today. We now hold that actual innocence under the Tim Cole Act encompasses *Herrera* claims, *Schlup* claims, and that "narrow class of cases" in which the petitioner's actions were not criminal at the time the acts were committed. *See Allen*, 366 S.W.3d at 710.

The Court of Criminal Appeals, in granting Lester habeas relief, determined that Lester's conviction was "not valid" because the Court had declared the online-solicitation statute unconstitutional before Lester's conviction. Lester is therefore entitled to compensation under the Tim Cole Act because he "has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced." TEX. CIV. PRAC. & REM. CODE § 103.001(a)(2)(B). Lester is actually innocent because his wrongful conviction is based on conduct that was not a crime. The Comptroller concluded, however, that Lester's application for wrongful-imprisonment compensation "did not meet the actual innocence requirement of [this provision]." Because it did and the Comptroller's duty under the Act is purely ministerial, we direct the Comptroller to compensate Lester under the terms of the Tim Cole Act. We assume that the Comptroller will comply, and a writ of mandamus will issue only in the event he fails to do so.

The petition for writ of mandamus is conditionally granted.

_____
John P. Devine
Justice

**OPINION DELIVERED:** May 15, 2020